JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brenda Fulmer | Easton Emergency Squad, Joseph Cervenka III, and Samuel Lobb |

**(b)** County of Residence of First Listed Plaintiff    Monroe County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Northampton County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rebecca E. Mitchell, Esq., Hahalis & Kounoupis, P.C.
20 E. Broad St., Bethlehem, PA 18018, 610-865-2608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. § 2000e; ADEA, 29 U.S.C. § 621; ADA, 42 U.S.C. §12101; FMLA, 29 U.S.C. § 2601

Brief description of cause:
Gender-, age-, and/or disability-based discrimination and retaliatory practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE            DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**FILED SEP 2 8 2018**

plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse.

Case 5:18-cv-04184-EGS   Document 1   Filed 09/27/18   Page 2 of 21

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 219 Krystal Ct., Saylorsburg, PA 18353 _____

Address of Defendant: _____ 908 Packer St., Easton, PA 18042 _____

Place of Accident, Incident or Transaction: _____ Easton, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/27/2018 _____   _Attorney-at-Law / Pro Se Plaintiff_ _____   312324
                                                                              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [✓] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Rebecca E. Mitchell _____ , counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 09/27/2018 _____   _Attorney-at-Law / Pro Se Plaintiff_ _____   312324
                                                                              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENDA FULMER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.:** 18-CV - |
| **v.** | : | |
| | : | |
| **EASTON EMERGENCY SQUAD,** | : | |
| **JOSEPH CERVENKA III, and** | : | |
| **SAMUEL LOBB,** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Brenda Fulmer (hereinafter "Plaintiff").  Plaintiff was an employee of Easton Emergency Squad (hereinafter "EES") in Easton, Pennsylvania, who has been harmed by gender-, age-, and/or disability-based discrimination and retaliatory practices, as well as other improper conduct by EES and Cervenka.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.; the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq*.; Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.; and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*.

## II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States, and in particular Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et*

*seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*

3. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled.

5. Plaintiff has invoked the procedure set forth in Title VII, the ADA, and the ADEA. On or about May 8, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against EES alleging, inter alia, gender-, disability-, and age-based employment discrimination and retaliation. On June 29, 2018, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. As to the FMLA claim, this action has been filed within two (2) years of the last violation of the FMLA.

8. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III. PARTIES

9. Plaintiff is a 55-year-old female citizen and resident of the Commonwealth of Pennsylvania, residing in Saylorsburg, Pennsylvania. Plaintiff at all times relevant

herein was employed by EES.

10. At all times relevant herein, Plaintiff was a "person" and "employee" as defined by Title VII, 42 U.S.C. § 2000e, and the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Acts.

11. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

12. At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

13. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

14. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

15. EES is a Pennsylvania non-profit corporation with a place of business at 908 Packer Street in Easton.

16. At all times relevant herein, EES was an "employer" and "person" as defined by Title VII, 42 U.S.C. § 2000e, and the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Acts.

17. At all times relevant herein, EES was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

18. At all times relevant herein, EES was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

19. At all times relevant hereto, EES acted by and/or failed to act by and through the

conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

20. At all times relevant hereto, Joseph Cervenka III (hereinafter "Cervenka"), was EES' Director of Operations, and Plaintiff's direct supervisor. At all times relevant hereto, Cervenka was an agent, servant, workman and/or employee of EES, acting and or failing to act within the scope, course and authority of his employment and his employer, EES. At all times relevant, Cervenka was acting in his supervisory and personal capacity.

21. At all times relevant hereto, Samuel Lobb (hereinafter "Lobb"), was the President of EES' Board of Directors, and Plaintiff's supervisor. At all times relevant hereto, Lobb was an agent, servant, workman and/or employee of EES, acting and or failing to act within the scope, course and authority of his employment and his employer, Lobb. At all times relevant, Lobb was acting in his supervisory and personal capacity.

22. EES has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of gender-, disability-, and age-based harassment; gender-, disability-, and age-based discrimination; and retaliation.

23. At all relevant times herein, EES knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

24. At all times material hereto, EES employed more than fifteen employees.

25. At all times material hereto, EES employed more than fifty employees within a seventy-five mile radius.

## IV. CAUSES OF ACTION

26. Plaintiff is a 55-year-old female employee hired by EES on or around September 9, 2001. Plaintiff worked with EES for more than 15 years, most recently as Senior Billing Clerk.

27. During Plaintiff's employment with EES, Plaintiff was qualified for her position and performed her job duties in a proper and competent manner, including becoming a Certified Ambulance Coder in September 2010.

28. At all times relevant hereto, Plaintiff's supervisors were Lobb (President, Board of Directors), Kyle Sherman (Member-at-Large, Board of Directors), Robert Foltz (Secretary, Board of Directors), Patrick Barnes (Treasurer, Board of Directors), Cervenka (Director of Operations), and Edward Shull (Vice President, Board of Directors).

29. Throughout the course of her tenure with EES, Plaintiff often was appraised to exceed expectations in all areas of appraisal.

30. From Plaintiff's date of hire through March 2015, Plaintiff attended monthly Board of Directors' meetings.

31. At these meetings, Plaintiff answered questions, gave monthly reports on billing, and reported such concerns as EES' compliance with Medicare and Medicaid, the antiquation of EES' billing system, and the need for additional staff.

32. In May 2015, Cervenka took the position of Director of Operations.

33. After Cervenka took this position, he subjected Plaintiff to harassment and discrimination on the basis of her age.

34. Cervenka stated to Plaintiff that she was "too old for this job," should retire, and "let someone younger take [her] place."

35. Cervenka also told Plaintiff that it would be "beneficial" to EES if she signed up for the health insurance due to her "age" and good health.

36. Over the course of Plaintiff's tenure with EES, Lobb subjected Plaintiff to discrimination on the basis of gender. Lobb told Plaintiff that she was "nothing but a clown," and "had no say in anything." Lobb told Plaintiff that in Board meetings—at which she was the only female—she was to take minutes and not speak.

37. In 2016, Lobb's gender-based harassment and discrimination escalated.

38. Upon information and belief, Plaintiff's co-worker, Cheryl Torcivia, addressed the Board of Directors in September 2016 with regard to Lobb's aggressive behavior. EES, however, did not investigate, and no remedial action was taken.

39. During the week of November 14, 2016, Plaintiff approached Cervenka with a question about the payment of vacation time "if and when" she was ready to leave EES. On or about November 21, 2016, Lobb informed Plaintiff that he was posting Plaintiff's position, that he told the Board of Directors that she was leaving in March 2017, and that the Board hoped to hire someone soon. When Plaintiff indicated that she was not planning to leave by March of 2017, Lobb laughed and said, "you will be done by March."

40. On or around November 22, 2016, Plaintiff sent an e-mail to Shull, Sherman, Lobb,

and Cervenka to clarify that she had no intention to leave EES and that she hoped she was not being "pushed out."

41. Plaintiff again raised her concerns regarding the reports of her leaving EES and disparate treatment to which she was being subjected at the December 15, 2016 Board of Directors Meeting, and again specifically stated that she was not leaving.

42. On or about March 1, 2017, Plaintiff sent an e-mail to Shull, Sherman, Lobb and Cervenka reporting that Lobb had been getting more and more aggressive towards her, and that as a woman, he made her feel unsafe. EES did not investigate and no remedial action was taken.

43. On or about March 6, 2017, Plaintiff requested FMLA leave due to the increased anxiety she was experiencing due to the hostile conditions at EES.

44. EES purported to approve Plaintiff's FMLA leave for five weeks, from March 6, 2017 to April 10, 2017, but Cervenka asked Plaintiff if she would be able to do any work from home, and requested that Plaintiff assist in finding others to perform her tasks during her leave, in violation of the FMLA.

45. Upon information and belief, after March 6, 2017, Cervenka brought in Ashlee Nemeth, a younger female, to perform many of Plaintiff's duties. Nemeth previously had worked for EES under Plaintiff, but had been let go by Plaintiff because Nemeth was found to be making too many errors.

46. On or about March 16, 2017, Plaintiff, through counsel, sent a letter via e-mail to Lobb, Sherman, Foltz, Barnes, Cervenka, and Shull. The letter, among other things, specifically stated that Plaintiff had been subjected to ageist comments/threats that she

is obsolete, that she can be replaced by younger employees and that she should retire in violation of the ADEA; and subjected to increasingly hostile, intimidating and even physically threatening conduct by Samuel Lobb and Cervenka, creating a gender-hostile work environment in violation of Title VII. The letter stated that Plaintiff would be filing a Charge with the EEOC, and that as a result of the hostile work environment, harassment and intimidation, Plaintiff had developed severe depression and anxiety.

47. Plaintiff's serious medical condition is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited her in one or more major life activities, including thinking, concentrating, and brain function.

48. Plaintiff, through counsel, advised EES that EES had violated the anti-retaliation provisions of the ADA and FMLA by threatening Plaintiff for taking qualified FMLA leave for her own serious medical condition.

49. Plaintiff, through counsel, demanded that EES comply with the FMLA and not interfere with Plaintiff's scheduled return on April 10, 2017, and requested that EES engage in the ADA-mandated interactive process with regard to reasonable accommodation for Plaintiff's medical conditions caused by the wrongful conduct EES allowed in the workplace.

50. Cervenka acknowledged receipt of the letter by e-mail on or about March 20, 2017.

51. Upon information and belief, Cervenka began telling other employees that Plaintiff was not coming back, and removed Plaintiff from the schedule.

52. By letter dated March 31, 2017, EES notified Plaintiff that her request for FMLA-protected leave had been approved.

53. On or about April 7, 2017, Plaintiff received a letter signed by Shull dated April 5, 2017, which stated that at a Special Meeting of EES' Board of Directors on March 30, 2017, it was unanimously decided that Plaintiff's employment would be terminated effective April 5, 2017.

54. The letter stated that Plaintiff had shown "increasingly poor performance in her duties," but this reason was manufactured, false, and pretextual, and served to cover Defendants' gender-based, age-based, disability-based, and retaliatory animus. Specifically, Plaintiff had not, prior to April 7, 2017, been warned that her performance was "poor," nor had she been alerted to an "overwhelming" number of errors.

55. EES terminated Plaintiff's employment while she was out on FMLA-protected leave, and interfered in the exercise of Plaintiff's FMLA rights, in violation of the FMLA.

56. EES also terminated Plaintiff's employment without engaging in the interactive process in any manner despite having specific knowledge that Plaintiff was requesting accommodation under the ADA.

57. Plaintiff believes and therefore avers that the termination of her employment is a violation of the ADA due to the aforementioned conduct.

58. Plaintiff was treated in a different and disparate manner with regard to workplace standards than younger and/or male employees.

59. Upon information and belief, Plaintiff's job duties were, in whole or in part, taken over or absorbed by a younger employee.

60. Plaintiff's gender was a motivating factor in EES' decision to terminate her employment.

61. Plaintiff's age was a determinative factor in EES' decision to terminate her employment.

62. EES was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

63. As a direct result of the hostile and antagonistic conduct by EES' supervisory employees, Plaintiff was deprived of her employment with EES.

64. As a direct result of EES' conduct, Plaintiff has been irrevocably damaged.

65. As a direct result of EES' above-stated conduct, Plaintiff has suffered ongoing back-pay and front-pay losses.

66. As a direct result of EES' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

67. As a direct result of EES' above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. EES
## VIOLATION OF TITLE VII

68. Paragraphs 1 through 67, inclusive, are incorporated by reference as if fully set forth at length herein.

69. Based on the foregoing, EES has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which EES is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment,

retaliating against her because of her expressed opposition to offensive gender-related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

70. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by EES in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT II**
**PLAINTIFF v. EES**
**RETALIATION UNDER TITLE VII**

71. Paragraphs 1 through 70, inclusive, are incorporated by reference as if fully set forth at length herein.

72. By the acts complained of, EES has retaliated against Plaintiff for exercising her rights under Title VII, which constitutes a violation of Title VII.

73. EES' foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

74. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of EES' retaliatory practices unless and until this Court grants relief.

**COUNT III**
**PLAINTIFF v. EES**
**AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADEA**

75. Paragraphs 1 through 74 inclusive, are incorporated by reference as if fully set forth at

length herein.

76. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in her employment with EES and retaliated against for "protected conduct" under the ADEA.

77. The foregoing acts of EES constitute unlawful discrimination against Plaintiff in violation of the ADEA.

78. The action of EES is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

79. Plaintiff has no adequate remedy at law.

80. As a direct result of EES' willful and unlawful actions in treating Plaintiff in a discriminatory and retaliatory manner solely because of her age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT IV
## PLAINTIFF v. EES
## VIOLATION OF THE ADA

81. Paragraphs 1 through 80, inclusive, are incorporated by reference as if fully set forth at length herein.

82. At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by EES.

83. Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

84. By reason of the conduct set forth above, EES intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

85. By its actions and inactions through its agents, servants, and representatives, EES created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

86. As a direct result of Plaintiff's disability and/or request for accommodation, EES terminated Plaintiff's employment.

87. EES' aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

### COUNT V
### PLAINTIFF v. EES
### RETALIATION UNDER THE ADA

88. Paragraphs 1 through 87 inclusive, are incorporated by reference as if fully set forth at length herein.

89. By the acts complained of, EES has retaliated against Plaintiff for exercising her rights under the ADA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA.

90. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of EES' retaliatory practices unless and until this Court grants relief.

## COUNT VI
## PLAINTIFF v. EES
## VIOLATION OF THE FMLA

91. Paragraphs 1 through 90, inclusive, are incorporated by reference as if fully set forth at length herein.

92. EES' actions as set forth above constitute a violation of the Family and Medical Leave Act.

93. The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

## COUNT VII
## PLAINTIFF v. EES
## INTERFERENCE UNDER THE FMLA

94. Paragraphs 1 through 93, inclusive, are incorporated by reference as if fully set forth at length herein.

95. Plaintiff was an eligible employee under the FMLA.

96. EES is an employer subject to the FMLA's requirements.

97. Plaintiff was entitled to FMLA leave as of March 6, 2017.

98. Plaintiff was approved to take five weeks of FMLA leave, from March 6, 2017 to April 10, 2017.

99. Plaintiff was denied benefits to which she was entitled under the FMLA when EES terminated Plaintiff's employment on April 5, 2017, while Plaintiff was on FMLA-protected leave.

PLAINTIFF v. CERVENKA and LOBB
AIDING AND ABETTING
Case 5:18-cv-04184-EGS   Document 1   Filed 09/27/18   Page 17 of 21

## COUNT VIII
## PLAINTIFF v. EES
## VIOLATION OF THE PHRA

100.    Paragraphs 1 through 99, inclusive, are incorporated by reference as if fully set

forth at length herein.

101.    The unlawful actions of EES acting as aforesaid, constitute a violation of the

Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq. The said unlawful

practices for which EES is liable to Plaintiff include, but are not limited to,

discriminating against Plaintiff and retaliating against Plaintiff based on her gender,

age, and disability, and for requesting and/or using leave or a reasonable

accommodation.

102.    As a direct result of EES' willful and unlawful actions in treating Plaintiff in a

discriminatory manner and retaliating against her solely because of her protected

conduct in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained

severe emotional distress, loss of earnings, plus the failure of the aforementioned

benefits, plus loss of future earning power, plus back pay, front pay, and interest due

thereon.

## COUNT IX
## PLAINTIFF v. EES
## RETALIATION UNDER THE PHRA

103.    Paragraphs 1 through 102, inclusive, are incorporated by reference as if fully set

forth at length herein.

104.    By the acts complained of, EES has retaliated against Plaintiff for exercising her

rights under the Pennsylvania Human Relations Act, in violation of said act.

111.    Cervenka and Lobb are personally liable pursuant to the Pennsylvania Human
Relations Act while acting in concert with and in common purpose with Defendant
EES for their unlawful conduct, gender-, age- and disability-based harassment;
gender-, age-, and disability-based discrimination; and retaliation set forth herein.

112.    As a direct result of Cervenka and Lobb's willful and unlawful actions in aiding
and abetting, and/or acting in concert and common purpose with EES, in the
discrimination and retaliation set forth herein in violation of the Pennsylvania Human
Relations Act, Plaintiff has sustained, severe emotional distress, loss of earnings, plus
the failure of the aforementioned benefits, plus loss of future earning power, plus
back pay, front pay, and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE/LIQUIDATED DAMAGES

113.    Paragraphs 1 through 112 inclusive, are incorporated by reference as if fully set
forth at length herein.

114.    At all times relevant hereto, EES knew or should have known of the pattern of
conduct in which its agents, servants, and representatives had engaged and in which
they continued to engage.

115.    At all times relevant hereto, EES knew or should have known that the aforesaid
pattern of conduct was in violation of law and EES' stated policies and terms of
employment.

116.    Despite such knowledge, EES failed to adequately investigate, discipline, or
discharge its agents, servants, and representatives who discriminated against Plaintiff

by reason of her gender, age or disability.

117.   EES failed and refused to properly protect and support Plaintiff and in fact subjected or permitted her to be subjected to gender-, age-, or disability-based discrimination and retaliation.

118.   At all times relevant hereto, EES acted willfully, wantonly, recklessly, maliciously, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated; by intentionally deciding to terminate Plaintiff for the pretextual reason of "poor performance" while Plaintiff was out on FMLA-protected leave and within two weeks of Plaintiff having engaged in protected conduct, EES exhibited both willfulness and reckless disregard of Plaintiff's rights in the workplace.

119.   Plaintiff therefore demands punitive damages.

120.   Plaintiff therefore demands liquidated damages.

## V. **PRAYER FOR RELIEF**

121.   Paragraphs 1 through 120 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against EES, Cervenka, and Lobb and requests that this Court:

(a)   Exercise jurisdiction over her claims;

(b)   Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, and severe emotional trauma;

(c) Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

(d) Order EES, Cervenka, and Lobb compensate Plaintiff with a rate of pay and other benefits and emoluments to employment to which she would have been entitled had he not been subject to unlawful discrimination and/or retaliation;

(e) Order EES, Cervenka, and Lobb compensate Plaintiff with an award of front pay, if appropriate;

(f) Order EES, Cervenka, and Lobb compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(g) Order EES, Cervenka, and Lobb pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(h) Order EES, Cervenka, and Lobb pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(i) The Court award such other relief as is deemed just and proper.

## VI.  JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:_____

GEORGE S. KOUNOUPIS, ESQUIRE
REBECCA E. MITCHELL, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Dated:  September 27, 2018

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Brenda Fulmer | : | CIVIL ACTION |
| v. | : | |
| Easton Emergency Squad, Joseph Cervenka III, and Samuel Lobb | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

| | | |
|---|---|---|
| September 27, 2018 | Rebecca E. Mitchell | Plaintiff, Brenda Fulmer |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-865-2608 | 610-691-8418 | hklaw@ptd.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FILED   SEP 2 8 2018